CLERK'S OFFICE U.S. DIST. COURT
AT CHARLOTTESVILLE, VA
FILED
April 03, 2025
LAURA A. AUSTIN, CLERK
BY s/ S. MELVIN
    DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF VIRGINIA
CHARLOTTESVILLE DIVISION

| | |
|---|---|
| SOUTHERN ENVIRONMENTAL LAW CENTER, | |
| Plaintiff, | Case No. 3:25-cv-18 |
| v. | **COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF** |
| KATHERINE SCARLETT, in her official capacity as Chief of Staff and Acting Chairman of the Council on Environmental Quality; and COUNCIL ON ENVIRONMENTAL QUALITY, | Fed. R. Civ. P. 7(a) |
| Defendants. | |

**COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF**

1. This is a suit for declaratory and injunctive relief challenging the Council on Environmental Quality's ("CEQ") failure to respond to a request for records under the Freedom of Information Act ("FOIA").

2. On February 20, 2025, Plaintiff Southern Environmental Law Center ("SELC")—a nonprofit public interest organization dedicated to protecting the people and environment of the Southeast—requested documents and communications from CEQ pursuant to FOIA.

3. The requested records relate to two directives requiring CEQ to issue new "guidance on implementing the National Environmental Policy Act" and "propose rescinding CEQ's NEPA [National Environmental Policy Act] regulations." Exec. Order No. 14,154, 90 Fed. Reg. 8353, 8355 (Jan. 20, 2025).

4. SELC filed a FOIA request ("the Request") to gather communications and records related to these directives on February 20, 2025.

1

5. CEQ has failed to meet its statutory obligation to make a determination on this Request within 20 working days of receiving it. 5 U.S.C. § 552(a)(6)(A). SELC therefore seeks declaratory and injunctive relief from this Court as provided under FOIA.

## JURISDICTION AND VENUE

6. This Court has jurisdiction over this action under 5 U.S.C. § 552(a)(4)(B) (FOIA grant of jurisdiction), 28 U.S.C. § 1331 (federal question jurisdiction), and 28 U.S.C. §§ 2201, 2202 (authority to issue a declaratory judgment and further necessary or proper relief).

7. Pursuant to 5 U.S.C. § 552(a)(6)(C)(i), SELC is "deemed to have exhausted [its] administrative remedies" because CEQ has "fail[ed] to comply with the applicable time limit provisions" of FOIA. SELC is thus now entitled to file suit in federal district court to compel compliance with FOIA.

8. Venue is proper in this Court under 5 U.S.C. § 552(a)(4)(B) because the requester, SELC, is a 501(c)(3) nonprofit organization with its principal place of business in Charlottesville, Virginia, in the Western District of Virginia's Charlottesville Division. W.D. Va. Civ. R. 2(a)(2).

## PARTIES

### Plaintiff Southern Environmental Law Center

9. Plaintiff SELC is a public interest environmental law firm with a focus on six southeastern states, including Virginia. SELC is headquartered at 120 Garrett Street in Charlottesville, Virginia.

10. SELC is a "person" for purposes of FOIA. 5 U.S.C. § 551(2).

2

11. SELC collaborates with partner organizations who depend on its legal expertise to complement and strengthen their efforts. SELC works with its partners and clients, exclusively on a pro bono basis, to promote the public interest.

12. SELC communicates broadly with the public through a wide variety of media, including its website, its newsfeed, press releases, reports, interviews with the media, and presentations to other organizations and the general public. Over the past several years, SELC has used many of these tools to communicate information and raise public awareness about CEQ, NEPA, and projects going through the NEPA process.

13. SELC disseminates information obtained from FOIA requests to its clients, partners, and the general public through its website, selc.org, which is updated regularly, as well as through press releases, media interviews, reports, social media, and public comment letters. SELC attorneys also regularly attend and speak at public meetings and hearings throughout the South, where they relay information and data obtained through FOIA requests.

### Defendant Katherine Scarlett

14. Defendant Katherine Scarlett is CEQ's Chief of Staff.

15. Because the office of Chairman of CEQ is currently vacant, CEQ's Chief of Staff is the Acting Chairman for the agency. *See* Designation of Officials of the Council on Environmental Quality to Act as Chairman, 90 Fed. Reg. 2593 (Jan. 3, 2025).

16. Katherine Scarlett has ultimate responsibility for the actions and decisions of CEQ. She is sued in her official capacity as Chief of Staff and Acting Chairman of CEQ.

### Defendant Council on Environmental Quality

17. Defendant CEQ is a federal agency housed within the Executive Office of the President that, among other responsibilities, is the primary agency tasked with facilitating the

3

administration of NEPA. Indeed, one of the purposes of NEPA when it was passed in 1970 was to establish CEQ. 42 U.S.C. § 4321.

18. CEQ is an "agency" for purposes of FOIA. 5 U.S.C. §§ 551(1); 552(f)(1).

19. Upon information and belief, CEQ has in its possession or control information responsive to SELC's FOIA request.

## FACTUAL BACKGROUND

### SELC's FOIA Requests

20. The Request at issue here concerns records related to two documents published by CEQ in response to Section 5(b) of Executive Order 14,154, "Unleashing American Energy." 90 Fed. Reg. 8353, 8355 (Jan. 20, 2025).

21. Defendant Katherine Scarlett sent the first document produced in response to Section 5(b), the new NEPA implementation guidance, on behalf of CEQ as a memorandum to the heads of Federal departments and agencies. *See generally* Memorandum from Katherine R. Scarlett, Chief of Staff, CEQ, to Heads of Fed. Dep'ts & Agencies (Feb. 19, 2025), https://perma.cc/6J96-7BT3.

22. The second document produced in response to Section 5(b), the NEPA regulation recission proposal, was published in the Federal Register as an interim final rule entitled "Removal of National Environmental Policy Act Implementing Regulations." 90 Fed. Reg. 10,610 (Feb. 19, 2025) (to be codified at 40 C.F.R. pts. 1500–1508).

23. On February 20, 2025, SELC submitted its FOIA Request via email to CEQ's Freedom of Information Officer relating to these two documents. *See* Exhibit 2.

24. SELC's Request asked for "[a]ll communications or other records" related to the new NEPA implementation guidance and the NEPA regulation recission proposal that CEQ was

4

directed to issue in the Executive Order. Exhibit 2; Exhibit 3. The Request sought all materials, written or typed, related to the agency's creation of these two documents as well as all of CEQ's internal and external associated communications. Exhibit 3.

25. On February 21, 2025, SELC sent a follow-up email correcting a typographical error in the Request's citation to the Executive Order number. *See* Exhibit 4 (email); Exhibit 3 (revised Request). The substance of the Request did not change. The relevant date of receipt is therefore February 20, 2025, or in the alternative, February 21, 2025, at the latest.

26. In its Request, SELC explained that the requested materials are "likely to contribute significantly to public understanding of NEPA implementation and CEQ's role in the NEPA process, which could have profound impacts on the environmental review process for federal actions." Exhibit 3.

27. SELC also noted in its Request that it "has relied on the procedures set forth in [NEPA] to weigh in on decisions with environmental significance, and any changes to the way NEPA is implemented could impact [SELC's] work." *Id.*

28. On February 26, 2025, George Goranitis, CEQ's Information Law Specialist, sent SELC an email acknowledging CEQ's receipt of the original and amended Request. In this acknowledgment email, CEQ approved SELC's special requester status as a noncommercial requester for fee determination purposes. Exhibit 1.

29. Since this acknowledgement email, CEQ has not contacted SELC to provide an initial determination, a notification of extension, any responsive records, or any updates about the Request.

30. Twenty (20) working days after February 21, 2025—the latest day the Request could have been considered received—was March 21, 2025.

### SELC's Exhaustion of Administrative Remedies

31. CEQ has failed to make a "determination" on its FOIA Request within twenty working days.

32. CEQ has neither made an initial determination regarding the Request nor has it released any records as of the date this complaint was filed.

33. CEQ has not, at any point since the Request was submitted, notified SELC of a determination whether or to what extent it plans to comply with the request, much less any reasons therefor.

34. Upon information and belief, CEQ is in possession or control of records responsive to SELC's Request, but has not searched for, gathered, nor reviewed these records.

35. Upon information and belief, CEQ has not determined the scope of documents it intends to produce and withhold.

36. CEQ has not notified SELC that SELC's request cannot be processed within FOIA's twenty working day time limit, nor has it informed SELC of any unusual circumstances that would warrant the modest extension of this time limit provided by FOIA. It also has not indicated the date on which a determination is expected to be dispatched.

37. More than twenty working days have passed since the request was first received, on or before February 21, 2025. CEQ was therefore required to respond with an initial determination by, at the latest, March 21, 2025.

### LEGAL BACKGROUND

### Freedom of Information Act

38. In enacting FOIA, "Congress sought 'to open agency action to the light of public scrutiny' . . . by 'requiring agencies to adhere to a general philosophy of full agency disclosure.'"

*U.S. Dep't of Just. v. Tax Analysts*, 492 U.S. 136, 142 (1989) (citations omitted) (quoting *Dep't of Just. v. Reps. Comm. for Freedom of Press*, 489 U.S. 749, 442 (1989)). "Congress believed that this philosophy, put into practice, would help 'ensure an informed citizenry, vital to the functioning of a democratic society.'" *Id.* (quoting *NLRB v. Robbins Tire & Rubber Co.*, 437 U.S. 214, 242 (1978)).

39. Thus, "FOIA 'shines a light on government operations to check against corruption and to hold the governors accountable to the governed.'" *S. Env't L. Ctr. v. Council on Env't Quality*, 446 F. Supp. 3d 107, 109 (W.D. Va. 2020) (quoting *Coleman v. Drug Enf't Admin.*, 714 F.3d 816, 818–19 (4th Cir. 2013)).

40. To that end, FOIA requires federal agencies to make responsive "records" available upon request. 5 U.S.C. § 552(a)(3)(A). The term "record" generally encompasses "any information . . . maintained by an agency in any format, including an electronic format." *Id.* § 552(f)(2)(A). Agencies must "make reasonable efforts to search" for such records. *Id.* § 552(a)(3)(C).

41. "[T]he time provisions of the Act are central to its purpose." *Hayden v. U.S. Dep't of Just.*, 413 F. Supp. 1285, 1288 (D.D.C. 1976). FOIA requires agencies to "promptly" fulfill records requests. 5 U.S.C. § 552(a)(3)(A). In general, an agency must "determine" whether to comply with a FOIA request within twenty (20) working days of receiving the request, and it must "immediately notify" the requester of this determination. *Id.* § 552(a)(6)(A)(i). The act of making—and notifying the requester of—this decision is often called an "initial determination."

42. Records may be provided concurrently with, or promptly after, the initial determination. *See Citizens for Resp. & Ethics in Wash. v. Fed. Election Comm'n*, 711 F.3d 180, 188 (D.C. Cir. 2013).

43. The "initial determination" notification must include information regarding (1) the determination about whether the agency will comply with the records request "and the reasons therefor," (2) the requester's right to seek assistance from the agency's FOIA Public Liaison, and (3) if the agency decides it will not provide some or all of the requested records, the requester's right to appeal the determination and seek dispute resolution. *See* 5 U.S.C. § 552(a)(6)(A)(i).

44. Such "initial determinations" under FOIA Section 552(a)(6)(A)(i) "must be more than just an initial statement that the agency will generally comply with a FOIA request and will produce non-exempt documents and claim exemptions in the future." *Citizens for Resp. & Ethics in Wash.*, 711 F.3d at 188. Instead, to make a "determination" under FOIA, "the agency must at least: (i) gather and review the documents; (ii) determine and communicate the scope of the documents it intends to produce and withhold, and the reasons for withholding any documents; and (iii) inform the requester that it can appeal whatever portion of the 'determination' is adverse." *See id.*

45. In "unusual circumstances," an agency may extend its twenty working day deadline for requests by ten working days by providing timely written notice to the requester. *Id.* § 552(a)(6)(B)(i).

46. If an agency fails to make and communicate its "determination" within the relevant statutory timelines, the requester "shall be deemed to have exhausted his administrative remedies with respect to such request." 5 U.S.C. § 552(a)(6)(C)(i).

47. "This constructive exhaustion provision allows a requester to break out of the administrative process and proceed directly to federal court in the face of an unresponsive agency." *Coleman v. Drug Enf't Admin.*, 714 F.3d 816, 820 (4th Cir. 2013).

8

48.     Once a requester has exhausted administrative remedies with respect to the request, the requester may immediately seek declaratory and injunctive relief in the district where the requester's principal place of business is located. 5 U.S.C. § 552(a)(6)(C)(i). "Put simply, if an agency does not respond to a request within twenty working days after receiving it, the requester may typically commence litigation." *Coleman*, 714 F.3d at 823.

### CEQ's FOIA Regulations

49.     CEQ's FOIA regulations are located at 40 C.F.R. Part 1515. These regulations confirm that "CEQ's Chief FOIA Officer or the Chief FOIA Officer's designee will make an initial determination of how CEQ will respond to [a FOIA] request within 20 working days from the date that CEQ received [the] request," except in the case of unusual circumstances. 40 C.F.R. § 1515.13(a).

50.     Like the FOIA statute, CEQ's regulations specify that the unusual circumstances exception may only be invoked after written notification to the requester, which must occur "[b]efore the conclusion of the 20-day period." *Id.* § 1515.13(b)(3).

51.     In its FOIA regulations, CEQ makes clear that the "written acknowledgement" provided to a requester upon receipt of a FOIA request is distinct from an "initial determination," stating that this "written acknowledgement" occurs *before* the search for agency records responsive to requests, the determination whether to grant or deny the request, and the notification to the requester of that decision. *See* 40 C.F.R. § 1515.15(b).

52.     Furthermore, CEQ's regulations explain that when it "determines to deny [a] request in full or in part, [CEQ] will notify [the requester] of the basis for the denial." *Id.* § 1515.19(c).

9

## **CLAIM FOR RELIEF**

### **Violation of the Freedom of Information Act**

53. SELC incorporates by reference all preceding paragraphs.

54. CEQ was required to make an initial determination regarding the Request and communicate this determination to SELC by no later than March 21, 2025.

55. As of the time of filing this complaint, the March 21 deadline has passed. Yet CEQ has provided neither an initial determination nor records to SELC.

56. CEQ's only response to the Request—an acknowledgement of receipt—does not constitute an "initial determination" pursuant to FOIA.

57. CEQ violated FOIA by failing to make a timely "determination" on SELC's FOIA Request as required by 5 U.S.C. § 552(a)(6)(A)(i) and 40 C.F.R. § 1515.13.

58. CEQ violated FOIA by failing to make reasonable efforts to search for records responsive to SELC's requests as required by 5 U.S.C. § 552(a)(3)(C) and 40 C.F.R. § 1515.15.

59. CEQ violated FOIA by failing to provide SELC with all non-exempt records responsive to SELC's requests as required by 5 U.S.C. § 552(a)(8)(A) and 40 C.F.R. § 1515.16(b).

60. By failing to make a timely "determination," conduct a reasonable search, and provide SELC with all non-exempt records responsive to its FOIA Request, CEQ has denied SELC's right to information as provided under FOIA. *See* 5 U.S.C. § 552.

61. Unless it is enjoined by this Court, CEQ will continue to violate SELC's legal right to be timely provided with the information that SELC asked for in its FOIA Request.

62. SELC is directly and adversely affected and aggrieved by CEQ's failure to provide an initial determination and responsive records to its FOIA Request, as described above.

## **REQUEST FOR RELIEF**

Wherefore, Plaintiff SELC respectfully requests that this Court:

A. DECLARE that CEQ has violated and is continuing to violate FOIA by failing to make a timely "initial determination" on SELC's Request as required by FOIA and CEQ's FOIA regulations;

B. DECLARE that CEQ has violated and is continuing to violate FOIA by failing to make reasonable efforts to search for records in response to SELC's FOIA Request as required by FOIA and CEQ's FOIA regulations;

C. DECLARE that CEQ has violated and is continuing to violate FOIA by failing to provide SELC with all documents responsive to SELC's Request as required by FOIA and CEQ's FOIA regulations;

D. ORDER CEQ to search for and provide all responsive documents to SELC's FOIA Request without further delay;

F. ORDER CEQ to produce an index identifying any documents or parts thereof that it intends to withhold and the basis for the withholdings pursuant to 5 U.S.C. § 552(a)(8) and (b), in the event that CEQ determines certain responsive records are exempt from disclosure;

G. RETAIN jurisdiction over this matter to rule, if necessary, on the adequacy of the CEQ's search for responsive documents or on assertions by the agency that any responsive documents are exempt from disclosure;

H. AWARD Plaintiff its reasonable attorneys' fees and costs pursuant to 5 U.S.C. § 552(a)(4)(E); and

H. GRANT Plaintiff any other relief the Court deems just and proper.

Respectfully submitted this third day of April, 2025.

*/s/* Katherine Coffey
Katherine Coffey
Virginia Bar Number: 99602
Attorney for Plaintiff
SOUTHERN ENVIRONMENTAL LAW CENTER
120 Garrett Street, Suite 400
Charlottesville, VA 22902
Telephone: (434) 977-4090
Email: kcoffey@selc.org

*/s/* Zoe Mehta
Zoe Mehta
North Carolina Bar Number: 60883
Attorney for Plaintiff (*pro hac vice forthcoming*)
SOUTHERN ENVIRONMENTAL LAW CENTER
136 East Rosemary Street, Suite 500
Chapel Hill, NC 27514
Telephone: (919) 967-1450
Email: zmehta@selc.org