# UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF VIRGINIA
# CHARLOTTESVILLE DIVISION

|  |  |
|---|---|
| SOUTHERN ENVIRONMENTAL LAW CENTER<br><br>Plaintiff,<br><br>v.<br><br>KATHERINE SCARLETT; COUNCIL ON ENVIRONMENTAL QUALITY,<br><br>Defendants. | Civil Action No. 3:25-cv-00018 |

## ANSWER

Defendants Katherine Scarlett,[1] in her official capacity, and Council on Environmental Quality (CEQ), submit the following Answer to the Southern Environmental Law Center's (SELC) Complaint, ECF No. 1, in this Freedom of Information Act (FOIA) case.[2]

1. Paragraph 1 contains SELC's characterization of this action, which requires no response. To the extent a response is required, Defendants admit SELC has filed suit under FOIA.

---

[1] Katherine Scarlett should be dismissed from this action as an improperly named defendant. FOIA applies to an "agency," 5 U.S.C. § 552(a)(4)(B), and an individual federal official is not a proper defendant in a FOIA action. *See, e.g., Batton v. Evers*, 598 F.3d 169, 172 n.1 (5th Cir. 2010); *Demetriades v. Wytheville SSA, LLC*, No. 7:15-CV-00454, 2016 U.S. Dist. LEXIS 61310, at *6 (W.D. Va. May 9, 2016). Accordingly, Ms. Scarlett should be dismissed pursuant to Fed. R. Civ. P. 12(b)(1) and/or 12(b)(6), and without waiving any defenses or objections to which it may be entitled, the Council on Environmental Quality should remain as the only defendant in this action.

[2] To the extent that the Complaint refers to or quotes from external documents, statutes, or other sources, Defendants may refer to such materials for their accurate and complete contents; however, such references are not, and should not be construed to be, an admission that the cited materials: (a) are correctly cited or quoted by SELC; (b) are relevant to this, or any other, action; or (c) are admissible in this, or any other, action.

2. Defendants admit that SELC submitted a FOIA request to CEQ in February 2025.[3] The remainder of this paragraph consists of SELC's characterization of its request, which requires no response. To the extent any response is required, Defendants respectfully refer the Court to the SELC's request and any revisions thereto for a full and accurate statement of its contents and deny any inconsistencies related thereto.

3. Defendants admit that SELC's request relates to Executive Order No. 14,154, and respectfully refer the Court to the SELC's request and any revisions thereto for a full and accurate statement of its contents and deny any inconsistencies related thereto. To the extent that Paragraph 3 contains SELC's characterizations and conclusions, no response is required. To the extent a response is otherwise required, Defendants deny such allegations.

4. Defendants admit that SELC submitted a FOIA request to CEQ in February 2025. The remainder of this paragraph consists of SELC's characterization of its request, which requires no response. To the extent any response is required, Defendants respectfully refer the Court to the SELC's request and any revisions thereto for a full and accurate statement of its contents and deny any inconsistencies related thereto.

5. Paragraph 5 consists of SELC's conclusions of law and requests for relief, which require no response. To the extent a response is required, Defendants admit that a final determination has not yet been issued with respect to SELC's FOIA request at issue in this

---

[3] As explained in the Complaint, SELC initially submitted its FOIA request on or about February 20, 2025, and then submitted a revised FOIA request on or about February 21, 2025, to purportedly correct a typographical error in the original. Compl., ECF No. 1, at ¶¶ 23-25. For clarity and the avoidance of any confusion, any reference to SELC's FOIA request in this Answer is meant to refer to the original request and any revisions thereto.

litigation, but Defendants deny that they are in violation of FOIA and further deny that SELC is entitled to any relief.

## JURISDICTION AND VENUE[4]

6. This paragraph consists of SELC's conclusions of law, which require no response. To the extent a response is required, Defendants admit that this Court has subject-matter jurisdiction subject to the terms, conditions, and limitations of FOIA.

7. This paragraph consists of conclusions of law, which require no response. To the extent a response is required, Defendants admit that a final determination has not yet been issued with respect to SELC's FOIA request, and any revisions thereto, at issue in this litigation. Defendants deny that they are in violation of FOIA.

8. This paragraph consists of SELC's conclusions of law, which require no response. To the extent a response is required, Defendants admit that venue can be found in this judicial district.

## PARTIES

### Plaintiff Southern Environmental Law Center

9. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph and therefore deny them.

10. This paragraph consists of conclusions of law, which require no response. To the extent a response is required, Defendants respectfully refer the Court to the statute itself for the best evidence of its contents and deny all allegations inconsistent therewith.

---

[4] For ease of reference, Defendants replicates the headings contained in the Complaint. Although no response is required to such headings (Fed. R. Civ. P. 10(b)), to the extent those headings and titles could be construed to contain legal and/or factual allegations, Defendants deny those allegations.

11. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph and therefore deny them.

12. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph and therefore deny them.

13. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph and therefore deny them.

### Defendant Katherine Scarlett

14. Defendants admit Paragraph 14.

15. The allegations in Paragraph 15 contain SELC's conclusions of law, to which no response is required.

16. This paragraph contains SELC's conclusions of law, which require no response. To the extent a response is required, Defendants admit that Katherine Scarlett is being sued in her official capacity, but further state that Ms. Scarlett should be dismissed pursuant to Fed. R. Civ. P. 12(b)(1) and/or 12(b)(6) as described above because she is an improper defendant in this action.

### Defendant Council on Environmental Quality

17. Defendants admit that CEQ is a component of the Executive Office of the President. The remaining allegations in Paragraph 17 contain SELC's conclusions of law, which require no response. Defendants respectfully refer the Court to the cited statute itself for the best evidence of its contents.

18. Defendants admit Paragraph 18.

19. This paragraph contains SELC's characterizations and conclusions of law, which require no response. To the extent a response is required, at this time, Defendants lack knowledge

or information sufficient to form a belief as to the truth of the allegations in this paragraph and therefore deny them.

## FACTUAL BACKGROUND

### SELC's FOIA Request

20. Defendants admit that SELC's request relates to Executive Order No. 14,154. To the extent that Paragraph 3 otherwise contains SELC's characterizations and conclusions, no response is required. This paragraph consists of SELC's characterization of its FOIA request, which requires no response. Defendants respectfully refer the Court to the request and any revisions thereto and deny all allegations inconsistent therewith.

21. Defendants admit that Ms. Scarlett sent a Memorandum dated February 19, 2025, and respectfully refer the Court to that Memorandum itself for the best evidence of its contents and deny all allegations inconsistent therewith.

22. Defendants admit the existence of the regulation and respectfully refer the Court to the regulation itself for the best evidence of its contents and deny all allegations inconsistent therewith.

23. Defendants admit that SELC submitted a FOIA request to CEQ in February 2025. This paragraph otherwise consists of SELC's characterization of its FOIA request, which requires no response, and Defendants respectfully refer the Court to the request itself and any revisions thereto for the best evidence of its contents and deny all allegations inconsistent therewith.

24. This paragraph consists of SELC's characterization of its FOIA request, which requires no response, and Defendants respectfully refer the Court to the request itself and any revisions thereto for the best evidence of its contents and deny all allegations inconsistent therewith.

25. Defendants admit that CEQ received further correspondence from SELC about the FOIA request on or about February 21, 2025. This paragraph otherwise consists of SELC's characterization of its FOIA request and other correspondence, which requires no response, and Defendants respectfully refer the Court to the request, and any revisions thereto, and correspondence itself for the best evidence of its contents and deny all allegations inconsistent therewith.

26. This paragraph consists of SELC's characterization of its FOIA request, which requires no response, and Defendants respectfully refer the Court to the request itself and any revisions thereto for the best evidence of its contents and deny all allegations inconsistent therewith.

27. This paragraph consists of SELC's characterization of its FOIA request, which requires no response, and Defendants respectfully refer the Court to the request itself and any revisions thereto for the best evidence of its contents and deny all allegations inconsistent therewith.

28. Defendants admit that on or about February 26, 2025, SELC was sent an acknowledgement email acknowledging SELC's request. Defendants respectfully refer the Court to the email itself for the best evidence of its contents and deny all allegations inconsistent therewith.

29. This paragraph consists of SELC's conclusions of law, which require no response. To the extent a response is required, Defendants admit the February 26, 2025, acknowledgment email was not a final response. Defendants respectfully refer the Court to the statute itself and the email for the best evidence of its contents and deny all allegations inconsistent therewith.

30. Defendants admit that 20 working days after February 21, 2025, is March 21, 2025. Defendants otherwise deny the allegations in Paragraph 30.

**SELC's Exhaustion of Administrative Remedies**

31. Defendants admit that a final determination has not yet been issued with respect to the February 20, 2025, request at issue in this litigation and any revisions thereto. This paragraph otherwise contains SELC's conclusions of law, which require no response.

32. Defendants admit that a final determination has not yet been issued with respect to the February 20, 2025, request at issue in this litigation and any revisions thereto. This paragraph otherwise contains SELC's conclusions of law, which require no response.

33. Defendants admit that a final determination has not yet been issued with respect to the February 20, 2025, request at issue in this litigation. Defendants further state that on or about February 26, 2025, SELC was sent an acknowledgement email acknowledging SELC's request, and Defendants respectfully refer the Court to the email itself for the best evidence of its contents and deny all allegations inconsistent therewith.

34. Paragraph 34 contains SELC's characterizations and conclusions, to which no response is required. To the extent a response is otherwise required, Defendants deny such allegations.

35. Paragraph 35 contains SELC's characterizations and conclusions, to which no response is required. To the extent a response is otherwise required, Defendants deny such allegations.

36. Defendants admit that a final determination has not yet been issued with respect to the February 20, 2025, request at issue in this litigation and any revisions thereto. Defendants further state that on or about February 26, 2025, SELC was sent an acknowledgement email

acknowledging SELC's request, and Defendants respectfully refer the Court to the email itself for the best evidence of its contents and deny all allegations inconsistent therewith.

37. Defendants admit that 20 working days after February 21, 2025, is March 21, 2025. This paragraph otherwise consists of SELC's conclusions of law, to which no response is required. Defendants respectfully refer the Court to the statute and the request itself, and any revisions thereto, for the best evidence of its contents and deny all allegations inconsistent therewith.

## LEGAL BACKGROUND

### The Freedom of Information Act

38. This paragraph contains SELC's characterization of the FOIA statute and caselaw that SELC deems relevant to this action, which requires no response. To the extent any response is required, Defendants deny this paragraph.

39. This paragraph contains SELC's characterization of the FOIA statute and caselaw that SELC deems relevant to this action, which requires no response. To the extent any response is required, Defendants deny this paragraph.

40. This paragraph contains SELC's characterization of the FOIA statute, which requires no response. To the extent any response is required, Defendants deny this paragraph.

41. This paragraph contains SELC's characterization of the FOIA statute and caselaw that SELC deems relevant to this action, which requires no response. To the extent any response is required, Defendants deny this paragraph.

42. This paragraph contains SELC's characterization of the FOIA statute and caselaw that SELC deems relevant to this action, which requires no response. To the extent any response is required, Defendants deny this paragraph.

43. This paragraph contains SELC's characterization of the FOIA statute, which requires no response. To the extent any response is required, Defendants deny this paragraph.

44. This paragraph contains SELC's characterization of the FOIA statute and caselaw that SELC deems relevant to this action, which requires no response. To the extent any response is required, Defendants deny this paragraph.

45. This paragraph contains SELC's characterization of the FOIA statute, which requires no response. To the extent any response is required, Defendants deny this paragraph.

46. This paragraph contains SELC's characterization of the FOIA statute, which requires no response. To the extent any response is required, Defendants deny this paragraph.

47. This paragraph contains SELC's characterization of the FOIA statute and caselaw that SELC deems relevant to this action, which requires no response. To the extent any response is required, Defendants deny this paragraph.

48. This paragraph contains SELC's characterization of the FOIA statute and caselaw that SELC deems relevant to this action, which requires no response. To the extent any response is required, Defendants deny this paragraph.

**CEQ's FOIA Regulations**

49. This paragraph contains SELC's characterization of CEQ's FOIA regulations, which requires no response. To the extent any response is required, Defendants deny this paragraph.

50. This paragraph contains SELC's characterization of CEQ's FOIA regulations, which requires no response. To the extent any response is required, Defendants deny this paragraph.

51. This paragraph contains SELC's characterization of CEQ's FOIA regulations, which requires no response. To the extent any response is required, Defendants deny this paragraph.

52. This paragraph contains SELC's characterization of CEQ's FOIA regulations, which requires no response. To the extent any response is required, Defendants deny this paragraph.

## CLAIM FOR RELIEF

### Violation of the Freedom of Information Act

53. In response to Paragraph 53, Defendants hereby incorporate their responses to preceding paragraphs as if fully stated herein.

54. This paragraph contains SELC's conclusions of law, which require no response. To the extent any response is required, Defendants admit that as of the date of the Complaint, Defendants have not issued a final determination regarding SELC's request and any revisions thereto and otherwise deny this paragraph.

55. This paragraph contains SELC's conclusions of law, which require no response. To the extent any response is required, Defendants admit that as of the date of the Complaint, Defendants have not issued a final determination regarding SELC's request and any revisions thereto and otherwise deny this paragraph.

56. This paragraph contains SELC's conclusions of law, which require no response. To the extent any response is required, Defendants admit that as of the date of the Complaint, Defendants have not issued a final determination regarding SELC's request and any revisions thereto and otherwise deny this paragraph.

57. This paragraph contains SELC's conclusions of law, which require no response. To the extent any response is required, Defendants deny this paragraph.

58. This paragraph contains SELC's conclusions of law, which require no response. To the extent any response is required, Defendants deny this paragraph.

59. This paragraph contains SELC's conclusions of law, which require no response. To the extent any response is required, Defendants deny this paragraph.

60. This paragraph contains SELC's conclusions of law, which require no response. To the extent any response is required, Defendants deny this paragraph.

61. This paragraph contains SELC's conclusions of law, which require no response. To the extent any response is required, Defendants deny this paragraph.

62. This paragraph contains SELC's conclusions of law, which requires no response. To the extent any response is required, Defendants deny this paragraph.

## REQUEST FOR RELIEF

63. The remainder of the Complaint consists of SELC's requests for relief, which requires no response. To the extent a response is required, Defendants deny that SELC is entitled to any relief.

64. Defendants deny all allegations in the Complaint not expressly admitted herein.

## AFFIRMATIVE AND OTHER DEFENSES

1. Defendant Katherine Scarlett should be dismissed pursuant to Fed. R. Civ. P. 12(b)(1) and/or 12(b)(6) as an improper defendant in this action.

2. The information requested in SELC's FOIA requests may be exempt in whole or in part under FOIA, 5 U.S.C. § 552(b), or subject to one or more other statutory or applicable exemptions, exceptions, or privileges.

3. The Court lacks subject matter jurisdiction over SELC's requests for any relief that exceeds the relief authorized by statute under FOIA, 5 U.S.C. § 552.

4. SELC is neither eligible for nor entitled to attorney's fees and costs.

5. Defendants are not improperly withholding any responsive records.

6. Defendants reserve the right to amend, alter, and supplement the objections and defenses contained in this Answer as the facts and circumstances giving rise to the Complaint become known to Defendants through the course of the litigation.

Respectfully submitted,

ZACHARY T. LEE
Acting United States Attorney

Date: May 12, 2025

*/s/ Matthew G. Howells*
Matthew G. Howells
Assistant United States Attorney
Virginia State Bar No. 88167
P. O. Box 1709
Roanoke, VA 24008-1709
Telephone: (540) 857-2250
Facsimile: (540) 857-2283
E-mail: matthew.howells@usdoj.gov

## CERTIFICATE OF SERVICE

I hereby certify that on May 12, 2025, I caused a copy of the foregoing Answer to be electronically filed with the Clerk of the Court using the CM/ECF system, which will send electronic notice to all counsel of record.

*/s/ Matthew G. Howells*
Matthew G. Howells
Assistant United States Attorney
